IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| TYRONE RADALE SHEPARD, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:09-CV-095 |
| | § | |
| RICK THALER, | § | |
| Director, Texas Dep't of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

### REPORT AND RECOMMENDATION TO
### DENY PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner has filed with this Court a form Petition for a Writ of Habeas Corpus by a Person in State Custody. Petitioner is presently incarcerated pursuant to a 1995 conviction for aggravated assault. In December 2008, petitioner was found guilty of violating Code 20 of the Texas Department of Criminal Justice (TDCJ) Disciplinary Rules and Procedures for Offenders. The disciplinary proceedings took place at the Neal Unit in Potter County, Texas, where petitioner remains incarcerated. As a result of the disciplinary proceeding (cause number 20090094672, petitioner lost thirty days of previously accrued good-time credit, forty-five days of recreation and commissary privileges, and was reduced in class from Line 1 to Line 3. Both petitioner's Step 1 and Step 2 grievances were unsuccessful. The relief petitioner seeks in this petition is for his good-time credits to be restored. For the reasons expressed below, the undersigned United States Magistrate Judge recommends the habeas corpus petition be DENIED.

I.
PETITIONER'S ALLEGATIONS

By his petition, petitioner appears to allege:

1.      Counsel substitute failed to protect petitioner's due process rights.

2.      Petitioner's due process rights were violated because the hearing was not impartial, petitioner's signature on the Disciplinary Report was forged, and a full investigation was never conducted.

II.
DISCUSSION OF PETITIONER'S CLAIMS

*A. Representation by Counsel Substitute*

In his first ground of error, petitioner contends his counsel substitute failed to protect his due process rights.  Petitioner offers as elaboration: "I brought to the Counsel Substitute's attention that I wasn't aware of this case by an investigating officer within the required 24 hrs investigation period." (Petition for a Writ of Habeas Corpus by a Person in State Custody, filed Apr. 15, 2009, doc. 1, pg. 7).

Before a federal court can pass upon the merits of arguments presented by a state prisoner, it must first establish the arguments were properly exhausted.  *Lerma v. Estelle*, 585 F.2d 1297, 1299 (5th Cir. 1978).  To satisfy the exhaustion requirements in a habeas corpus case based upon a prison disciplinary proceeding, a prisoner must complete both steps of the TDCJ grievance process. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004).[1]  An administrative grievance must provide prison administrators with a fair opportunity under the circumstances to address the problem later presented in the federal habeas corpus petition.  *Id.* at 522.

---

[1]  At the present time, the petitioner is not required to present habeas claims challenging prison disciplinary cases to the Texas Court of Criminal Appeals because that court has stated it will not entertain challenges to prison disciplinary proceedings.  *Ex Parte Palomo*, 759 S.W.2d 671, 674 (Tex. Crim. App. 1988).

In this case, review of the Step 1 and Step 2 Grievances reflects the first and only time petitioner challenged the quality of counsel substitute's representation was in the Step 2 Grievance, where he contended "counsel substitute failed to protect due process under preponderance of presenting evidence at the hearing on forgery of my signature on the I-210 statement of the offense." (Disciplinary Grievance Record, pg. 3, "Step 2 Offender Grievance Form").  In his grievances, petitioner never challenged counsel substitute's actions in regard to when petitioner received notice of the investigation.  Respondent never had the opportunity to address this argument at any stage of the previous proceedings.  Consequently, petitioner's first ground of error is not exhausted.  *See Johnson*, 385 F.3d at 522.  This Court is unable to grant relief on this unexhausted ground of error.

Additionally, even if petitioner had properly exhausted this claim, it would be without merit. First, a federal habeas corpus court sits to review only whether a prison disciplinary proceeding met the requirements of the Federal Constitution, not whether the proceedings met any statutory or procedural law.  *Coleman v. Thompson*, 501 U.S. 722, 730, 111 S.Ct. 2546, 2554, 115 L.Ed.2d 640 (1991).  The question the federal court must answer is only whether the TDCJ complied with the requirements of the Federal Constitution.  *Id.*, 111 S.Ct. at 2554.

A prisoner does not have a constitutional right to representation in a prison disciplinary proceeding.  *Wolff v. McDonnel*, 418 U.S. 539, 570, 94 S.Ct. 2963, 2981, 41 L.Ed.2d 935 (1974) (establishing inmates do not "have a right to either retained or appointed counsel in disciplinary proceedings").  If a prisoner is given counsel substitute, he does not have a constitutional right to effective representation by that counsel substitute.  *See id.*, 94 S.Ct. at 2981.  Thus, if a prisoner's counsel substitute performs inadequately, there is nothing a federal court can do in a habeas corpus case to redress the consequences of that inadequate representation.  *See id.*, 94 S.Ct. at 2981.  In this

case, if petitioner's counsel substitute somehow acted improperly this Court would be unable to provide petitioner any relief on his claim. *See id.*, 94 S.Ct. at 2981.

On a final note, petitioner Shepard has not provided clear authority that TDCJ policies require he receive notice of the investigation within any set time after the investigation has begun. Even if TDCJ did have such a policy, however, the prison's compliance with that policy is beyond the purview of this Court. Whether a prison system is abiding by the rules it has imposed upon itself is not a matter federal courts will review. *See Coleman*, 501 U.S. at 730, 111 S.Ct. at 2554. The only issue a federal court may concern itself with in a habeas corpus case is whether the prison met the minimal requirements of the Constitution, as articulated by the Supreme Court in *Wolff*, 418 U.S. at 563-67, 94 S.Ct. at 2978-80. The amount of time allowed to pass between when the alleged incident occurred and when the prisoner was notified of the investigation is not a matter of constitutional proportion. *See id.*, 94 S.Ct. at 2978-80. Any error TDCJ committed in failing to comply with its own notification policy is not an error that this Court can address. *See id.*, 94 S.Ct. at 2978-80*; Coleman*, 501 U.S. at 730, 111 S.Ct. at 2554.

## B. Due Process Claims

In his second point of error, petitioner contends his due process rights were violated because the hearing was not impartial, his signature on the Disciplinary Report was forged, and a full investigation of the claim was never conducted. As referenced above, in *Wolff*, 418 U.S. at 563-67, 94 S.Ct. at 2978-80, the Supreme Court enunciated the basic constitutional safeguards a custodian must take in all prison disciplinary proceedings, i.e. a prison must give a prisoner (1) twenty-four-hour advance written notice of the charges; (2) a written statement by the fact finder of the evidence relied upon and the reasons for the disciplinary action; and (3) an opportunity to call witnesses

and/or present documentary evidence if a witness cannot be called.  *Id.*, 94 S.Ct. at 2978-80.

In this case, the evidence before the Court indicates petitioner received advance written notice of the charges.  *See* Disciplinary Hearing Record (DHR), pg. 1, "Disciplinary Report and Hearing."  Petitioner has contended since before the disciplinary hearing that the signature on the Disciplinary Report indicating he was given notice of the charge on December 16, 2008 at 11:08 a.m. was not his.  Petitioner's argument, however, misses the mark.  Petitioner has never contended he did not receive notice of the charge within twenty-four hours of the hearing.  Indeed, the record indicates petitioner met with counsel substitute on December 16, 2008 to review the charge, at which time petitioner saw the signature on the Disciplinary Report form was not his.  DHR, pgs. 5-6, "Investigation Work Sheet."  The hearing on the charge was held two days later, on December 18, 2008.  DHR, pg. 1.  At the hearing, petitioner stated he had reviewed the written report and the signature on the report was not his.  Thus, even if the signature on the Disciplinary Report is indeed a forgery, petitioner clearly saw and reviewed the report approximately forty-eight hours before the hearing, as evidenced by his argument that the signature on the Report was not his own.  Petitioner's own statements at the hearing verify he received advance written notice of the charges.  The basic requirement, as established in *Wolff*, that petitioner received advance written notice of the charge has been established.  *See* 418 U.S. at 564, 94 S.Ct. at 2979.

Additionally, the record establishes the fact finder created a statement of the evidence relied upon in making his determination and the reasons for the disciplinary action.  DHR, pgs. 1, 4.  The recording of the hearing reveals petitioner was able to cross-examine the one witness who testified against him.  The recording also indicates the hearing officer specifically asked petitioner whether he had any witnesses to call, and petitioner indicated he did not.  All of the procedural safeguards

established by *Wolff* were met.  *Id.* 418 U.S. at 563-67, 94 S.Ct. 2978-80.

The Court also notes there is more than a "modicum of evidence" supporting the hearing officer's determination.  *See Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455, 105 S.Ct. 2768, 2774, 86 L.Ed.2d 356 (1985).  Specifically, the offense report relied on by the hearing officer along with the matching corrections officer's testimony indicated petitioner was guilty.  Petitioner contends he was not the person the corrections officer saw commit the offense.  The only thing this Court evaluates, however, is whether there was any evidence at all that petitioner was guilty.  *See id.*, 105 S.Ct. at 2774.  The offense report and corrections officer's testimony both constituted evidence of petitioner's guilt.  The Court is unable to engage in further analysis of whether the corrections officer's statement were credible as compared to petitioner's statements.  *See id.*, 105 S.Ct. at 2774.  The evidence given during the disciplinary hearing creates a basis sufficient to sustain the finding on federal habeas corpus review.  *See id.*, 105 S.Ct. at 2774.

Petitioner's other arguments are that his hearing was not impartial and the claim was never fully investigated.  Petitioner offers nothing in support of these conclusory statements, and those claims are not sustainable before a federal court.  *See Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) (establishing "[a]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value").  In fact, the record before the Court refutes those claims.  As reviewed above, petitioner was afforded the opportunity to challenge the charge with the assistance of a counsel substitute.  The hearing officer allowed petitioner to cross-examine the one witness to the offense and gave petitioner the opportunity to introduce additional evidence.  Petitioner's contention that the claim was never fully investigated

lacks support in the record, which reflects the written statement and testimony of the only witnesses to the offense.  Additionally, petitioner fails to include in his analysis what a full investigation would have entailed and would have uncovered.  His statements alone are an insufficient basis for his claims, which otherwise lack record support.  *See id.*

III.
RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the application for a writ of habeas corpus filed by petitioner TYRONE RADALE SHEPARD be DENIED.

IV.
INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 19th day of August, 2011.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).